UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CANAL INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-01059 |
| JACK E. SCHAEFER, JR., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Canal Insurance Company ("Canal") filed this declaratory judgment action, seeking an order determining whether the insurance policies it issued to Defendant Patriot Truck Lines, LLC ("Patriot") require Canal to defend or indemnify Patriot in a Tennessee state court case involving an alleged assault by one of Patriot's employees. Now before the Court is Patriot's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a). (Doc. No. 16). The motion has been briefed and is ripe for review (Doc. Nos. 17, 19, 20, 26, 29).[1] For the following reasons, Canal's motion will be denied.

---

[1] Patriot filed its motion on December 11, 2023, and Canal filed a timely (albeit brief) opposition on December 18, 2023. On February 5, 2024, defendant Jack E. Schaefer, Jr. filed a belated opposition without seeking leave of Court to do so. (Doc. No. 26). Although Patriot is justified in urging this Court to disregard "Schaefer's wildly untimely opposition," (Doc. No. 29 at 1), the Court has decided, as a discretionary matter, to consider the arguments in Schaefer's opposition and Patriot's reply thereto. However, Schaefer and his counsel shall ensure that all future filings comply with the applicable local and federal rules, including deadlines set by the Court, and are cautioned that future noncompliant filings will be stricken and may subject them to sanctions.

## I. BACKGROUND[2]

Canal is an insurance company with its principal place of business in South Carolina. (Compl. ¶ 1). Patriot is an Alabama trucking company whose members all reside in Alabama. (Id. ¶ 4; Doc. No. 13 at 13). Defendant James Porter Martin ("Martin") was an employee of Patriot and is a resident of Alabama. (Compl. ¶ 3). Defendant Jack E. Schaefer, Jr. ("Schaefer") is a resident of Ohio.

This declaratory judgment action arises out of an alleged assault that took place at a truck stop in Franklin, Tennessee, on September 21, 2019. (Id. ¶ 10). The Complaint alleges that Martin was operating a semi-tractor owned by his employer, Patriot, when he got into an altercation with Schaeffer. (Id. ¶ 10–11). At some point during this truck stop altercation, the two men exited their vehicles and Martin punched Schaefer in the face. (Id. ¶ 12). Martin was arrested and later pled guilty to misdemeanor assault, and he was sentenced to nearly one year in Tennessee jail. (Id. ¶ 7; see also Doc. No. 1-2). On September 17, 2020, Schaeffer filed a lawsuit in Tennessee state court, asserting claims against Martin for assault and battery, and against Patriot for negligent hiring and supervision of Martin. (Doc. No. 1-4 at ¶¶ 10–16).

As relevant here, Canal sold insurance policies to Patriot (Doc. No. 1-3) agreeing to indemnify and defend Patriot against any suit seeking damages for "bodily injury" to which the policies applied. The negotiation of these policies took place in Alabama, and the executed policies were delivered to Patriot in Alabama. (Doc. No. 18 at ¶ 4). Canal claims that the insurance policies do not apply to Martin's assault, and therefore Canal has no duty to indemnify or defend Patriot against Schaefer's Tennessee lawsuit, because, among other things, "the assault and battery

---

[2] The relevant background and facts necessary to resolve the pending motion to dismiss or transfer are drawn from the Complaint (Doc. No. 1) and its attachments and are assumed to be true for purposes of ruling on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

exclusion applies to exclude coverage." (Compl. ¶ 28). On October 11, 2023, Canal filed this declaratory judgment action asking the Court to determine its legal obligations under the insurance policies to defend or indemnify Patriot in the Tennessee case. (Id. ¶ 13). The Complaint includes Schaefer, Martin, and Patriot as defendants. (Id. ¶¶ 2–4).

Patriot has now responded with the instant motion to dismiss, arguing that venue is improper in the Middle District of Tennessee and that this case should either be dismissed or transferred to the Middle District of Alabama. (See Doc. Nos. 16, 17).

## II.   MOTION TO DISMISS UNDER RULE 12(b)(3) FOR IMPROPER VENUE

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss the complaint "for improper venue." Fed. R. Civ. P. 12(b)(3). Once a defendant challenges venue by motion, it is the plaintiff's burden to present sufficient facts showing that its chosen venue is proper. Ingram Barge Co., LLC v. Bunge N. Am., Inc., 455 F. Supp. 3d 558, 569 (M.D. Tenn. 2020) (citation omitted). In considering a Rule 12(b)(3) motion to dismiss for improper venue, "the court may examine facts outside of the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Receiver of Assets of Mid-America Energy, Inc. v. Coffman, 719 F. Supp. 2d 884, 890–91 (M.D. Tenn. 2010) (citation and internal quotation marks omitted). "When a case is brought in a district where venue does not lie, courts must either dismiss the case or transfer it to a district in which it could have been brought initially." Star Transp., Inc. v. Hudson Ins. Co., No. 3:11-cv-01021, 2012 WL 13071202, at *13 (M.D. Tenn. Aug. 10, 2012) (citing 28 U.S.C. § 1406(a)).

Where, as here, subject matter jurisdiction is based solely on diversity of citizenship, 28 U.S.C. § 1391(a) provides that venue is only proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or

a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." See 28 U.S.C. § 1391(a). The Complaint alleges that venue is proper under § 1391(a)(2) because "the entirety of the event" giving rise to this insurance dispute occurred in the Middle District of Tennessee. (Compl. ¶ 7). The Court will therefore limit its analysis to subsection 1391(a)(2), particularly because none of the parties argue that subsections (a)(1) and (a)(3) apply here.

Patriot argues that venue is not proper in this district because a "substantial part" of the events giving rise to this case occurred in Alabama, not Tennessee. (Doc. No. 17 at 4–6). According to Patriot, this insurance dispute primarily involves the interpretation of insurance contracts that were negotiated in Alabama, issued to an Alabama trucking company, and governed by Alabama law. (Id. at 1–2). Patriot further contends that while the relevant assault took place in Tennessee and the underlying tort action is pending in Tennessee state court, the substantive claims in the state case involve Patriot's alleged negligent hiring and supervision of Martin in Alabama. (Id. at 2).

There is case law to support Patriot's position that venue for a declaratory judgment action properly lies in the district where the negotiation and issuance of the insurance policy took place. For example, in Arch Specialty Insurance Company v. Entertainment Specialty Services, Inc., the court found that venue was proper in the Southern District of New York because negotiation of the insurance contract involved the receipt of numerous emails in New York, the plaintiff executed the agreement in New York, defendants obtained the insurance policy through an agent in New York, and defendant submitted its claim for coverage to plaintiff's New York office. No. 04 Civ. 1852(RCC), 2005 WL 696897, at *7 (S.D.N.Y. Mar. 24, 2005). The court held that although the

lawsuit for which defendants sought coverage was filed in Texas and may have involved Texas law, New York remained an appropriate venue for the declaratory judgment action. Id. Similarly, in Harleysville Insurance Company of New Jersey v. Clark, the court held that venue was proper in New Jersey for a declaratory judgment action "because a substantial part of the events giving rise to the insurance coverage dispute—including the negotiation, payment and issuance of the policy to the New Jersey insured—occurred in New Jersey." No. 05-5566 (JBS), 2006 WL 2135834, at *6 (D.N.J. July 27, 2006).

Putting aside any potential issues with personal jurisdiction (see infra Section III), the Court agrees with Patriot that venue *could* be proper in the Middle District of Alabama. But that finding alone is not sufficient to grant Patriot's motion to dismiss for improper venue. It is well-settled that "[v]enue may be proper in more than one judicial district, and a district need not be the 'best' forum in order for venue to lie there." DeVane v. Hannah, No. 3:11-cv-00389, 2011 WL 5916433, at *4 (M.D. Tenn. Nov. 28, 2011) (citing First of Mich. Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998)). If the Court found that a substantial part of the events giving rise to Canal's claims occurred in the Middle District of Alabama, that would not foreclose a parallel finding that a substantial part of the events giving rise to Canal's claims also occurred in the Middle District of Tennessee. See Bramlet, 141 F.3d at 263. In other words, the relevant inquiry is whether the Middle District of Tennessee is an *improper* venue, not just whether venue could also be proper in the Middle District of Alabama. Id.

Canal contends that venue is proper in this district because the relevant insurance claim arises exclusively from the "criminal assault and battery" in Tennessee. (Doc. 19 at 1). Patriot responds that "[m]erely because the underlying alleged tort occurred in this jurisdiction does not mean" a declaratory judgment "action involving an insurance policy purchased by an insured is

properly venued in the same jurisdiction." (Doc. No. 20 at 1). Contrary to Patriot's position, however, "numerous courts have looked exclusively to the events giving rise to the underlying action when considering the propriety of venue in an insurance coverage claim, if such coverage action is dependent on the underlying action." See Hymed Grp. Corp., Inc. v. Auto Owners Ins. Co., No. 12-12519, 2012 WL 6642645, at *3 (E.D. Mich. Dec. 20, 2012); Carolina Cas. Co. v. Data Broadcast Corp., 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001) (collecting cases); see also AVEMCO Ins. Co. v. GSV Holding Corp., No. 96 CIV. 8323 LAP, 1997 WL 566149, at *5 (S.D.N.Y. Sept. 11, 1997) (finding that plaintiff "properly asserted venue in the Southern District of New York" because the "declaratory judgment sought in the instant case was triggered by an insurance claim arising exclusively from the aircraft accident in New York"). Patriot offers no reason why the Court should ignore this lengthy line of cases.

The Court also disagrees with Patriot that the events giving rise to liability in Schaefer's Tennessee lawsuit depend on whether Patriot negligently hired and supervised its employee, all of which occurred exclusively in Alabama. (Doc. No. 20 at 1–2). The Tennessee complaint refers to the "incident in question" as the alleged assault and battery that took place in Williamson County, Tennessee, not Patriot's act of hiring and training Martin. (See Doc. No. 1-4 at ¶¶ 6, 12). After all, there can be no negligent-hiring claim without "an underlying tort by an employee to support liability of the employer." See Vincioni v. Vanderbilt Univ., 2018 WL 3574825, at *8 (Tenn. Ct. App. July 25, 2018). Because the events giving rise to the underlying tort action (*i.e.* the alleged assault) occurred in Tennessee, this district is an appropriate venue for Canal's declaratory-judgment action.

Accordingly, the Court concludes that the alleged assault that took place in the Middle District of Tennessee is substantial enough such that it gives rise to venue in this district. While

venue likely is proper in the Middle District of Alabama, it is also proper here. The Court will therefore deny Patriot's motion to dismiss for improper venue under Rule 12(b)(3), and it will deny Patriot's request to dismiss or transfer this case pursuant to § 1406(a) because that provision does not apply.

### III. MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

Patriot next argues that even if the Court does not dismiss the Complaint under Rule 12(b)(3), the Court should transfer the case to the Middle District of Alabama pursuant to 28 U.S.C. § 1404. Under § 1404(a), a district court may "transfer any civil action to any other district or division where it might have been brought" initially if such transfer is necessary "[f]or the convenience of the parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). The statute's plain text requires a two-part analysis. See e.g., Cont'l First Fed., Inc. v. Watson Quality Ford, Inc., No. 3:08-0954, 2009 WL 2032401, at *7 (M.D. Tenn. July 9, 2009). The Court must first determine if the plaintiff could have originally filed the action in the transferee district. Id. If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex., 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)); see also Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (noting that "district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate").

As noted above, the threshold inquiry under § 1404(a) is whether the action "might have been brought" in the proposed transferee forum. Cont'l First Fed., Inc., 2009 WL 2032401, at *7. "[A]n action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction *and personal jurisdiction over the defendants*, and if venue would have been proper in the transferee court." E.g., Posven, C.A.

v. Liberty Mut. Ins. Co., No. 02 Civ. 0623(PKL), 2004 WL 63497, at *7 (S.D.N.Y. Jan. 12, 2004) (emphases added). In other words, "a court does not have authority to transfer a case [under § 1404(a)] to a court that lacks personal jurisdiction." Hunt v. Global Incentive & Meeting Mgmt., No. 09-4921 (JBS-AMD), 2010 WL 3740808, at *8 (D.N.J. Sept. 20, 2010); Travelers Cas. & Sur. Co. v. Phila Reins. Corp., No. 301CV7058, 2001 WL 631328, at *5 (N.D. Ohio May 10, 2001).

Here, both Canal and Schaefer argue that this declaratory-judgment action could not have been brought in the Middle District of Alabama in the first instance because that court would lack personal jurisdiction over Schaefer, an Ohio resident with no discernible ties to Alabama. (Doc. No. 19 at 2; Doc. No. 26 at 2–4). Patriot makes two important points in response.

Patriot first argues that Canal "provides no proof" for its claim that Alabama lacks personal jurisdiction over Schaeffer. (Doc. No. 20 at 2). This argument is misplaced because Canal is under no obligation to provide such proof. Instead, as the party seeking transfer to a different district under § 1404(a), Patriot bears the "*prima facie* burden to prove that personal jurisdiction is appropriate for all defendants in the transferee court." Kearney v. Home Depot USA, Inc., No. 17-5806, 2018 WL 11488411, at *4 (E.D. La. July 31, 2018) (collecting cases). Patriot has not come close to satisfying its *prima facie* burden, as it fails to offer even a single argument in any of its three briefs demonstrating how Alabama may possibly have personal jurisdiction over Schaeffer. Therefore, it is Patriot, not Canal, who has failed to come forward with the requisite proof.

Next, Patriot claims that this case should be transferred to Alabama because "[t]he case can be brought in that jurisdiction without Schaefer." (Doc. No. 29 at 5). While Patriot's and Schaefer's briefs are sidetracked with arguments about whether Schaeffer is a necessary and dispensable party to this declaratory-judgment action, what matters for present purposes is that Schaefer was included as a defendant in this case. Canal, as the master of the complaint, is free to

"include (or omit) claims or parties in order to determine the forum." Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Because Canal included a defendant who ostensibly is not subject to personal jurisdiction in Alabama based on the facts alleged in this case, the Court cannot transfer this case to the Middle District of Alabama under § 1404(a).[3] See Cont'l First Fed., Inc., 2009 WL 2032401, at *7 (denying motion to transfer venue under § 1404(a) because the proposed transferee district court could not exercise personal jurisdiction over one of the three corporate defendants); Sunbelt Corp. v. Noble Denton & Assocs., Inc., 5 F.3d 28, 31–33 (3d Cir. 1993) (holding that the district court lacked authority to transfer the case under § 1404(a) because the transferee court did not have personal jurisdiction over defendants).

Given Patriot's failure to even attempt to demonstrate that the Middle District of Alabama could have exerted personal jurisdiction over Schaeffer, Patriot cannot fulfill the threshold transfer requirement under § 1404(a). As such, the Court need not reach the secondary question of whether "party convenience or the interest of justice make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (internal quotation marks omitted). Patriot's request to transfer venue will therefore be denied.

## IV.  CONCLUSION

For the foregoing reasons, Patriot's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue (Doc. No. 16) will be denied. The parties are reminded that "[a]n order granting or denying a transfer" under § 1404(a) "is interlocutory and not immediately appealable." Hadix v. Johnson, 228 F.3d 662, 669 (6th Cir. 2000).

---

[3] Patriot expressly "takes no position" on the issue of whether Canal joined Schaefer as a defendant to avoid the case being transferred to the Middle District of Alabama. (Doc. No. 39 at 3).

9

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE