UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CANAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-01059 |
| JACK E. SHAEFER, JR., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Canal Insurance Company ("Canal") filed this declaratory judgment action, seeking an order determining whether the insurance policies it issued to Patriot Truck Lines, LLC ("Patriot") require Canal to defend or indemnify Patriot in a Tennessee state court case. Patriot filed its answer and counterclaim. (Doc. No. 38). Now before the Court is Canal's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 43). The motion has been briefed and is ripe for review. (Doc. Nos. 43, 46, 47). For the following reasons, Canal's motion will be denied.

## I. BACKGROUND[1]

Canal, an insurance company, sold insurance policies to Patriot, a transportation company, agreeing to indemnify and defend Patriot against any suit seeking damages for "bodily injury" to

---

[1] The relevant background and facts necessary to resolve the pending motion for judgment on the pleadings are drawn from the pleadings and are accepted as true, as required, for the purposes of the Court's decision. See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 389 (6th Cir. 2007); see also Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002).

which the policies applied. (Doc. No. 1-3; Doc. No. 38 at 9 ¶ 10).[2] These policies were issued to Patriot in Alabama. (Doc. No. 1 at ¶ 8; Doc. No. 38 at 2 ¶ 8). A dispute over whether the policies applied arose when one of Patriot's employees, Defendant James Porter Martin ("Martin"), got into an altercation with Defendant Jack E. Schaefer, Jr. ("Shaefer") at a truck stop. (Doc. No. 1 ¶¶ 3, 10-11). During the altercation, the two men exited their vehicles and Martin punched Schaefer in the face. (Id. ¶ 12). On September 17, 2020, Schaefer filed a lawsuit in Tennessee state court, asserting claims against Martin for assault and battery, and against Patriot for negligent hiring and supervision of Martin. (Doc. No. 1-4 at ¶¶ 10-16).

On October 11, 2023, Canal filed this declaratory judgment action asking the Court to determine its legal obligations under the insurance policies to defend or indemnify Patriot in the underlying litigation. (Doc. No. 1 ¶ 13). On March 1, 2024, Patriot filed its Answer to the Complaint and asserted its Counterclaim against Canal for "bad faith failure to defend and/or inform" and "breach of covenant of good faith and fair dealing."[3] (Doc. No. 38 at 9-10). Patriot asserts Canal was required to provide timely and proper notice of its reservation of rights to deny coverage and an adequate defense during the pendency of underlying litigation pursuant to the insurance policies. (Doc. No. 38 at 9 ¶¶ 7, 12-13). Patriot further asserts Canal failed to comply with these duties by not sending timely reservation of rights letters to the correct recipients, resulting in Patriot not knowing about Canal sending a reservation of rights letter until years later,

---

[2] The Answer and Counterclaim (Doc. No. 38) repeats paragraph numbers. For the purposes of the Court's decision, the Court will refer to the page number and corresponding paragraph number when citing to the Answer and Counterclaim.

[3] The Counterclaim (Doc. No. 38) is not a model of clarity. The pleading is labeled "Answer and Counterclaim," but references two distinct "counts" (both of which are labeled as "Count I"). (Doc. No. 38 at 9-10). For the purposes of this decision, the Court will refer to the first "Count I," labeled "Bad Faith Failure to Defend and/or Inform" as "Count I," and the second "Count I," labeled "Breach of Covenant of Good Faith and Fair Dealing" as "Count II."

2

and its selected representation doing little work or investigation on the underlying case. (Id. at 8 ¶¶ 4-5; id. at 9 ¶¶ 6, 8).

On March 11, 2024, Canal filed its Answer to Patriot's counterclaim. (Doc. No. 41). Canal thereafter responded with the instant motion for judgment on the pleadings, arguing Patriot fails to state claims for which relief can be granted. (Doc. Nos. 43, 43-1 at 2).

## II. LEGAL STANDARD

Given that Canal answered the Counterclaim (Doc. No. 41), the Court interprets Canal's motion as a Rule 12(c) motion for judgment on the pleadings. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008) (quoting S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973)). "[T]he court 'need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true,'" and the "'complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory'" to survive dismissal. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (internal citations omitted).

It is "inappropriate" for courts "to consider evidence outside of the pleadings for the purposes of a Rule 12(c) motion." Ross v. PennyMac Loan Servs. LLC, 761 F. App'x 491, 494 (6th Cir. 2019). If a court considers "matters outside the pleadings" when analyzing a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Courts may not convert Rule 12(c) motions into Rule 56 motions unless all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

3

## III. ANALYSIS

### A. CHOICE OF LAW

As an initial matter, the parties dispute what law governs the claims at issue. Typically, "[a] federal court exercising its diversity jurisdiction must apply the choice-of-law rules of the state in which it is located." Yang Ming Marine Transp. Corp. v. Intermodal Cartage Co., Inc., 685 F. Supp. 2d 771, 779 (W.D. Tenn. 2010); see Klaxon Co. v. Stentor Elec. Mfg., 313 U.S. 487, 496 (1941). To determine which state's law applies to the Counterclaim, Tennessee applies the traditional "lex loci contractus" rule that a "contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." Williams v. Smith, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)). "The place of contracting is the place where the contract is consummated," or agreed to. Chase Manhattan Bank, N.A. v. CVE, Inc., 206 F. Supp. 2d 900, 905 (M.D. Tenn. 2002) (citing Bowman v. Price, 226 S.W. 210 (Tenn. 1920)); see also Anderson v. Amazon.com, Inc., 478 F. Supp. 3d 683, 693 (M.D. Tenn. 2020) ("jurisdiction[s] that have considered the issue have held that a contract was formed in the jurisdiction where a buyer ... indicate[d] acceptance of the contract").

However, this general rule is subject to an exception that "in certain situations, the law of the place of performance will be applied instead." Solomon v. FloWarr Mgmt., Inc., 777 S.W.2d 701, 705 n.5 (Tenn. Ct. App. 1989); see also Cooper v. MRM Inv. Co., 367 F.3d 493, 499 (6th Cir. 2004) (applying Tennessee conflicts of law). To apply the place of performance for choice of law over the contract, "[t]he pertinent consideration is whether a contract was 'entered into in good faith with reference to the law of some other state,' that is, whether it was made 'with a view' to another state." Nordahl v. Studer Revox Am., Inc., 78 F.3d 585 (6th Cir. 1996) (table)

4

(quoting Ohio Cas. Ins. Co., 493 S.W.2d at 466–67); see also Dryair 2000, Inc. v. Blue Winged Olive, LLC, 2009 WL 311132, at *5 (E.D. Tenn. Feb. 6, 2009) ("where questions relating to performance of the contract are raised, the law of the state of performance" may be applied).

Here, applying Tennessee's choice of law rules, the Court finds that Alabama law controls. It is undisputed that the insurance policies at issue were issued to Patriot in Alabama (Doc. No. 1 ¶ 8; Doc. No. 38 at 2 ¶ 8), making Alabama the proper state of execution. Williams, 465 S.W.3d at 153. The parties have given no indication that the insurance policies were entered "with a view" of another state, Nordahl, 78 F.3d 585, and Canal's arguments for applying Tennessee law are unsound. Accordingly, the Court will apply Alabama law to the Counterclaim.

### B. THE COUNTERCLAIM

It is unclear to the Court what exact claim (or claims) Patriot is asserting against Canal. Canal's arguments for judgment on the pleadings, however, are unpersuasive.

#### 1. COUNT I

Patriot labels its first Count I as "Bad Faith Failure to Defend and/or Inform." (Doc. No. 38 at 9). The Court interprets Count I as a breach of contract claim. To allege a breach of contract claim under Alabama law, a plaintiff must plead "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Dupree v. PeoplesSouth Bank, 308 So.3d 484, 490 (Ala. 2020) (internal citations and quotations omitted).

Instead of raising any legal deficiencies with Count I, Canal presents evidence purporting to show it provided Patriot with sufficient notice of its reservation of rights. To the extent Canal attempts to squeeze in the Affidavit of S. Brad Garrott to support its argument, such material is

5

outside of the pleadings and cannot be considered by the Court.[4]  Ross, 761 F. App'x at 494; Odigie v. Nationstar Mortg., LLC, 2020 WL 819517, at *5 (M.D. Tenn. Feb. 19, 2020).

Based on Canal's properly alleged factual contentions and attached exhibits referenced therein, the Court is unpersuaded.  Canal's gripe with the supposed factual inaccuracies of Count I ignores that this Court must construe the Counterclaim in the light most favorable to Patriot when ruling on Canal's Rule 12(c) motion and must "accept all of the [counterclaim's] factual allegations as true." Roger Miller Music, 477 F.3d at 389 (quoting Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998)).  Whether Canal provided Patriot with sufficient notice is ultimately a question for the factfinder or testing in a summary judgment motion, not a motion for judgment on the pleadings.  Perhaps this is why Canal could not cite a single legal authority in its motion to support its argument, and why the lone, non-binding authority cited in its reply demonstrates this is a question of fact.  See American Interstate Ins. Co. v. Kelley, 797 So.2d 479 (Ala. Civ. App. 2000) (judgment decided by trial court, and then appellate court on appeal, after the parties presented evidence on notice issue).

In one offhanded sentence, Canal asserts "Patriot's comments about the work by Counsel for Patriot are not adequate to state a cause of action against Canal and are not adequate to state a cause of action against the Lewis Thompson Law Firm." [5]  (Doc. No. 41-1 at 3).  But Canal provides no further explanation, or citation, explaining why this is so.  Without more, Canal has

---

[4] The affidavit is referenced in Canal's belated reply.  (Doc. No. 47).  As a discretionary matter, the Court has decided to consider the arguments in Canal's reply.  However, Canal and its counsel shall ensure that all future filings comply with the applicable local and federal rules, including deadlines set by the Court, and are cautioned that future noncompliant filings may be stricken and may subject them to sanctions.

[5] The Court is not aware of any cause of action brought by Patriot against the Lewis Thompson Law Firm.

not met its burden to show that it is entitled to judgment as a matter of law with respect to Count I. Coley v. Lucas County, Ohio, 799 F.3d 530, 537 (6th Cir. 2015) ("The defendant has the burden to show that the plaintiff failed to state a claim for relief.").

### 2. COUNT II

Canal's argument for dismissal of Count II, labeled "Breach of Covenant of Good Faith and Fair Dealing," is equally unconvincing. (Doc. No. 38 at 10). Canal argues that Count II does not create a cause of action under Tennessee law. (Doc. No. 43-1 at 2-3). As previously discussed, Canal's reliance on Tennessee law is misguided, and Alabama law applies to the contractual dispute at issue. Further, Canal's "proof" that it acted in good faith merely reflects a factual disagreement that fails for the same reasons described above.

Again, it is not entirely clear whether Count II is a separate claim from Count I, or even what Count II is a claim for. Patriot's Opposition offers no clarity. Patriot dedicates an entire page of argument explaining that "Alabama law creates an enhanced obligation of good faith when an insurer defends under a reservation of rights," and asserts that its Counterclaim "alleges a breach of this duty." (Doc. No. 46 at 8-9). The relevance of this argument with respect to Count II is perplexing, given that the phrase "enhanced obligation" appears *nowhere* in the Counterclaim. (See Doc. No. 38).

Despite Patriot's confusing and inapt arguments, Canal still has the burden to show that Patriot failed to state a claim for relief. Coley, 799 F.3d at 537; see Gramercy Ins. Co. v. Expeditor's Exp., Inc., 575 F. App'x 607, 608 (6th Cir. 2014) (movant had the burden to show non-movant could "prove no set of facts in support of [its] claim that would entitle [it] to relief") (internal citation omitted). Given that Canal's sole arguments on Count II are an improper

application of Tennessee law and a request for inappropriate judicial fact-finding, it again has failed to carry its burden to show it is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Canal's Motion for Judgment on the Pleadings (Doc. No. 43) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE