UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-cv-01059 ) |
| JACK E. SCHAEFER, JR., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court in this declaratory judgment action is Canal Insurance Company's ("Canal") Motion for Summary Judgment. (Doc. No. 67). For the following reasons, Canal's motion will be granted, and judgment will enter in its favor.

**I.   BACKGROUND AND UNDISPUTED FACTS[1]**

On September 21, 2019, James Martin was driving a truck owned by his employer Patriot Truck Lines, LLC ("Patriot"), when he parked at a truck stop in Franklin, Tennessee. (Doc. No. 67-1 ¶ 1). Martin then got into a verbal and physical altercation with Jack Shaefer, during which both men exited their vehicles, Schaefer called Martin a "piece of shit," and Martin punched Shaefer in the face. (Id. ¶¶ 2–3, 9–11, 23). Martin was arrested and later pled guilty to misdemeanor assault. (Id. ¶ 4–5). On September 17, 2020, Schaeffer filed a lawsuit in Tennessee state court, asserting claims against Martin for assault and battery, and against Patriot for negligent hiring and supervision of Martin. (Doc. No. 1-4 at ¶¶ 10–16). Canal filed this declaratory

---

[1] The Court draws the facts in this section from Canal's Statement of Undisputed Material Facts (Doc. No. 67-1), which are deemed "undisputed for purposes of summary judgment" because none of the defendants filed a response. See L.R. 56.01(g).

judgment action against Patriot, Martin, and Schaefer to clarify whether (as Patriot's insurance provider) it has a duty to defend or indemnify Patriot in Schaeffer's lawsuit.[2] (Doc. No. 1).

The relevant insurance policies are the Commercial General Liability Policy and the Commercial Auto Policy (the "Policies") that Canal issued to Patriot.[3] (Id. ¶¶ 12–13; see also Doc. No. 1-3). The Commercial General Liability ("CGL") Policy provides that Canal has a duty to defend Patriot against any lawsuit seeking damages for "bodily injury" or "property damage," but "only if" the bodily injury or property damage is caused by an "occurrence." (Doc. Nos. 1-3 at 38; 67-1 ¶ 14). It defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Doc. Nos. 1-3 at 52; 67-1 ¶ 14). The CGL Policy "does not apply to" (or excludes from coverage) bodily injury or property damage: (1) "Expected or intended from the standpoint of any insured; or (2) Arising out of an assault or battery, provoked or unprovoked, . . . committed by any insured or an employee or agent of the insured." (Doc. Nos. 1-3 at 39, 120; 67-1 ¶ 15). The Commercial Auto ("CA") Policy, or "Covered Autos Liability Coverage," provides that Canal has a duty to indemnify Patriot for "all sums" it "legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (Doc. Nos. 1-3 at 76; 67-1 ¶ 16).

Canal now moves for summary judgment on its claim for declaratory judgment, as well as on Patriot's counterclaims for "Bad Faith Failure to Defend and/or Inform" and "Breach of Covenant of Good Faith and Fair Dealing." (See Doc. No. 67-2).

---

[2] Canal denied coverage to Martin, and whether Canal has a duty to defend or indemnify Martin is not at issue in this case. (See Doc. No. 1 ¶ 13).

[3] There is no dispute that the Policies were "in full force and effect at all times pertinent to this action." (Doc. No. 67-1 ¶ 13).

## II. LEGAL STANDARD

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). In deciding a motion for summary judgment, the Court generally reviews all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter, and instead determines only whether sufficient evidence has been presented to make a material issue of fact a proper jury question. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

## III. ANALYSIS

As an initial matter, the Court notes that Patriot's counsel withdrew from this case on March 5, 2025. (See Doc. No. 59). Given that a limited liability company cannot represent itself, see, e.g., Wilson v. Acacia Dermatology PLLC, 2011 WL 3651779, at *1 (M.D. Tenn. Aug. 18, 2011); L.R. 83.01(b)(4), the Court ordered Patriot to obtain new counsel within thirty days. (Doc. No. 59). The Magistrate Judge later granted Patriot a limited extension of this deadline, but he warned Patriot that "failure to obtain counsel and respond to the motion for summary judgment through counsel by the amended deadline will result [in] entry of default." (Doc. No. 75 at 2–3). The Court subsequently granted Patriot *another* extension to obtain counsel and respond to Canal's

motion by August 8, 2025, but that "[a]ny further extension would be excessive, not justified on the record before the Court, and prejudicial to the parties." (Doc. No. 80). To date, Patriot still has not retained new counsel or responded to Canal's motion.

Curiously, the only defendant who responded to Canal's motion for summary judgment is Shaefer, the plaintiff in the underlying Tennessee state case. The Court certainly appreciates Schaefer's arguments, but his pseudo-amicus brief carries little weight because Canal's contractual obligation (or lack thereof) to defend or indemnify Patriot has nothing to do with him. Schaefer previously emphasized his noninvolvement in this case as follows:

> Canal named Schaefer as a defendant in this declaratory judgment action, but in truth has no claims against Schaefer. And Schaefer has no claims against Canal. Schaefer would certainly like to see Patriot secure insurance coverage from Canal, since this would make it more likely he could collect on a judgment in his state court action. ***But Schaefer does not, strictly speaking, have any standing or privity of contract to litigate the policy issues raised in Canal's action before this Court***.

(Doc. No. 57 at 1) (emphases added). The Court therefore construes Canal's motion for summary judgment as unopposed. Of course, that does not end the Court's inquiry because "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." Evans v. Plummer, 687 F. App'x 434, 446 (6th Cir. 2017) (citation omitted). The Court must instead examine the motion to determine whether the movant has discharged its burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Id.

On the merits, Canal argues that it is entitled to a declaration that it has no duty under the Policies to defend or indemnify Patriot against the claims raised in Schaefer's lawsuit. The Court previously found, without objection, that Alabama law governs the Policies. (Doc. No. 49 at 4–5). Under Alabama law, "[a]n insurance company has two general duties under a policy of insurance: a duty to defend and a duty to indemnify." Am. Nat'l Prop., and Casualty Co. v. Gulf

Coast Aerial, LLC, 533 F. Supp. 3d 1110, 1115 (S.D. Ala. 2021). The duty to defend is broader than the duty to indemnify because "[i]f the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend [the insured against the complaint], regardless of the ultimate liability of the insured." Id. (quoting Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So.2d 1006, 1009–10 (Ala. 2005)). The "insurer's duty to indemnify is determined by the insured's actual conduct." Owners Ins. Co. v. GTR, Inc., 461 F. Supp. 3d 1190, 1194 (M.D. Ala. 2020) (citing Tanner v. State Farm Fire & Cas. Co., 874 So. 2d 1058, 1066 (Ala. 2003)). Moreover, the interpretation of an insurance contract is a question of law for the Court to resolve. Robinson v. Liberty Mut. Ins. Co., 958 F.3d 1137, 1140 (11th Cir. 2020) (applying Alabama law) (citation omitted). "Alabama courts 'enforce the insurance policy as written if the terms are unambiguous.'" Id. (quoting Safeway Ins. Co. of Ala., Inc. v. Herrera, 912 So. 2d 1140, 1143 (Ala. 2005)). While courts should construe "exceptions to coverage" under Alabama law "as narrowly as possible in order to provide maximum coverage," they should not "rewrite policies to provide coverage not intended by the parties." Id. (citations omitted).

Here, the CGL Policy's "Assault or Battery" exclusion is clear and unambiguous. Canal's duty to defend "does not apply to" claims of bodily injury "[a]rising out of an assault or battery, provoked or unprovoked, . . . committed by . . . an employee or agent of the insured," *i.e.* Patriot. (Doc. Nos. 1-3 at 39, 120; 67-1 ¶ 15). Schaefer's underlying lawsuit alleges that he "sustained damages" because of Patriot's negligent employment practices. (Doc. No. 1-4 ¶¶ 12–16). It is true that Patriot's alleged act of negligent hiring and supervision is a separate claim from Martin's assault and battery, but Schaefer's injuries stem solely from Martin punching him. In other words, Schaefer's separate causes of action seeks to hold Patriot and Martin liable for the same "bodily

5

injuries" he suffered as a result. (Id. ¶¶ 11, 16). Thus, the Court finds that the assault and battery exclusion applies here because Schaefer's claim against Patriot arises out of Martin's intentional assault and battery. It also appears that Canal does not have a duty to defend Patriot because there has been no qualifying "occurrence." This is because the CGL Policy applies only when there has been an occurrence (meaning an "accident"), and there is no dispute that Martin's punch was intentional. For these reasons, the Court concludes that Canal has no duty under the CGL Policy to defend or indemnify Patriot.

The CA Policy is even more straightforward. Under that Policy, Canal has a duty to defend and indemnify Patriot only if the alleged injury is caused by an "accident" and results "from the ownership, maintenance or use of a covered 'auto.'" (Doc. Nos. 1-3 at 76; 67-1 ¶ 16). As stated above, Martin's punch was not an accident. There is nothing to suggest that Schaefer's injuries resulted from Patriot's ownership, maintenance, or use of a covered automobile, particularly because it is undisputed that Martin and Schaefer exited their vehicles and were on foot when the assault took place. (See Doc. No. 67-1 ¶¶ 3, 40). Thus, the CA Policy does not give Canal a duty to defend or indemnify Patriot against Schaefer's lawsuit.[4]

Last, Canal argues that it is entitled to summary judgment on Patriot's counterclaims for bad faith. (Doc. No. 67-2 at 15). As the Court mentioned in its prior Memorandum Opinion, it remains "unclear to the Court what exact claim (or claims) Patriot is asserting against Canal." (Doc. No. 49 at 5). This lack of clarity makes it difficult for the Court to determine whether Canal is entitled to summary judgment as a matter of law. Regardless, the Court finds it more appropriate

---

[4] Schaefer argues in his "response" that Canal somehow "waived its contractual right to deny coverage" or is "estopped from such denial." (Doc. No. 74 at 10). There is no reason to address this issue further, however, because Shaefer has no standing to raise a waiver or estoppel defense against Canal, and Patriot waived any such defense by failing to respond to Canal's motion.

6

Case 3:23-cv-01059    Document 82    Filed 08/20/25    Page 6 of 7 PageID #: 1324

to invoke its inherent authority, and its authority under Federal Rule of Civil Procedure 41, to dismiss Patriot's counterclaims *sua sponte* for want of prosecution. See Johnson v. Andover Mgmt. Corp., 2021 WL 4948572, at *1 (N.D. Ind. Oct. 25, 2021); Provenza v. Witt-Stamps, 2011 WL 2680690, at *4 (S.D. Miss. July 8, 2011); see also Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962). The Court finds that by failing to obtain new counsel for months, Patriot has shown no interest in prosecuting its counterclaims and has effectively abandoned them in this case.

## IV. CONCLUSION

For the foregoing reasons, Canal's Motion for Summary Judgment (Doc. No. 67) is **GRANTED** with respect to its claim for a declaratory judgment. The Court **DECLARES** that Canal does not owe coverage to Patriot for the claims raised in Schaefer v. Martin, No. 2020-428, filed in the Circuit Court for Williamson County, Tennessee. (See Doc. No. 1-4). Patriot's counterclaims (Doc. No. 38 ¶¶ 9–17) are **DISMISSED** for failure to comply with the Orders of the Court and for want of prosecution. The bench trial set for September 30, 2025, and all remaining hearings in this case are hereby **CANCELLED**.

This is a final Order. The Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE